IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 3 0 2015

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | | |
|---|---|---|
| YANIRA ZAMORA BURKETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-1041-A |
| | § | |
| CITY OF HALTOM CITY, TEXAS, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motion of defendant City of Haltom City ("City") and the motion of defendants Officers J. Oliver, K. Nichols, and A. Whitley ("officers") to dismiss. (These are the second motions to dismiss filed by defendants, as earlier motions were made moot by the filing of an amended complaint.) The court, having considered the motions, the responses of plaintiff, Yanira Zamora Burkett, the replies, the record, and applicable authorities, finds that the motions should be granted.

I.

<u>Plaintiff's Claims</u>

On December 23, 2014, plaintiff filed her complaint to recover for deprivation of civil rights and personal injury. Defendants answered and the officers asserted entitlement to

qualified immunity. On April 27, 2015, having obtained leave of court, plaintiff filed her first amended complaint.[1]

In her statement of claim, pl.'s first am. compl. at 1, plaintiff says that her claims are based on the officers' unreasonable and unnecessary actions, including the unlawful stopping and detaining of plaintiff, unnecessary use of force, unlawful arrest, unlawful search of plaintiff and her vehicle, and false imprisonment. Her claims arise out of her arrest on August 27, 2013, by Officer Oliver, who alleged falsely (plaintiff claims) that plaintiff did not live at the address listed on her driver's license.

II.

Grounds of the Motions

Defendants urge that plaintiff has failed to plead sufficient facts to state a claim against any of them that rises above a speculative level. Further, they urge that plaintiff made an irrevocable election to sue the City for the actions of the officers and that she cannot now allege claims against the officers individually.

---

[1] The amended complaint is almost twice the length of the original, but the additions are almost entirely conclusory, formulaic recitations devoid of additional facts to support plaintiff's claims.

2

III.

## Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is

plausible. <u>Iqbal</u>, 556 U.S. at 678.  To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. <u>Id.</u> In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. <u>Id.</u> at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

IV.

<u>Analysis</u>

A.   <u>The federal law claims</u>

In her original complaint, plaintiff clearly sued the officers in their official capacities.[2] Pl.'s compl. at 2, ¶ 5. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985)(citation omitted). Thus, to the extent plaintiff still asserts official capacity claims, these claims are against the employer of the officers, which plaintiff alleges is the Haltom City Police Department. However, the Haltom City Police Department is not an

---

[2]The effect of her having done so with regard to the state law claims is discussed <u>infra</u>.

4

entity capable of being sued. <u>Darby v. Pasadena Police Dep't</u>, 939 F.2d 311, 313 (5th Cir. 1991). The proper defendant is the City. <u>Rogers v. Nueces County Jail</u>, No. C-07-410, 2007 WL 4367814, *4 (S.D. Tex. Dec. 13, 2007).[3]

Regardless, plaintiff has not alleged in her amended complaint any facts that would support an action against the City. Section 1983 does not allow a governmental entity to be held vicariously liable for the actions of its officers under a theory of respondeat superior. 42 U.S.C. § 1983; <u>Bd. of Comm'rs v. Brown</u>, 520 U.S. 397, 403 (1997). A governmental entity may be liable under § 1983 if the execution of one of its customs or policies deprives  plaintiff of a constitutional right. <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 690-91 (1978). To hold the City liable under § 1983 thus requires the plaintiff to "initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted." <u>Spiller v. Texas City Police Dep't</u>, 130 F.3d 162, 167 (5th Cir. 1997)(internal quotation marks and citation omitted). To meet that requirement, plaintiff must allege "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." <u>Cox v. City of Dallas</u>, 430 F.3d 734, 748 (5th

---

[3]It appears that plaintiff is no longer claiming that the Haltom City Police Department is a separate defendant, now alleging that it is "the law enforcement arm of the municipality" of Haltom City. Pl.'s am. compl. at 2, ¶7.

Cir. 2005)(internal citations omitted); <u>Piotrowski v. City of Houston</u>, 237 F.3d 567, 578 (5th Cir. 2001). Moreover, the description of a policy or custom and its relationship to the underlying constitutional violation "cannot be conclusory; it must contain specific facts." <u>Spiller</u>, 130 F.3d at 167. Plaintiff must establish that her claims are based on official policy of the City, not the policy of an individual official, i.e., the policy must be made by one to whom the governing body gave authority to make policy. <u>Bennett v. City of Slidell</u>, 728 F.2d 762, 769 (5th Cir. 1984). The general rule is that allegations of isolated incidents are insufficient to establish a custom or policy. <u>Fraire v. City of Arlington</u>, 957 F.2d 1268, 1278 (5th Cir. 1992).

Here, plaintiff does not identify a policymaker, an official policy, or a violation of constitutional rights brought about by such policy or custom. Nor does plaintiff allege any facts to show that what allegedly happened to her is more than an isolated incident. Rather, with regard to City, she makes only conclusory allegations that do not meet the test of <u>Twombly</u> and <u>Iqbal</u> or any of the other cited authorities. <u>See, e.g.</u>, pl.'s am. compl. at ¶¶ 59-61. Thus, her constitutional claims against the City must be dismissed.

6

Plaintiff's claims against the officers individually for use of excessive force are governed by the Supreme Court's June 22, 2015, opinion in <u>Kingsley v. Hendrickson</u>, No. 14-6368, slip op. (U.S. June 22, 2015), which the parties have not had an opportunity to address. The Supreme Court has made clear that excessive force claims of a pretrial detainee, such as plaintiff, may proceed if the plaintiff shows that the force purposely or knowingly used against her was objectively unreasonable. <u>Kingsley</u>, slip op. at 6. Factors the court considers in determining reasonableness or unreasonableness include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

<u>Id.</u> at 7. Still, "an officer enjoys qualified immunity and is not liable for excessive force unless he has violated a 'clearly established' right, such that 'it would [have been] clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" <u>Id.</u> at 10. Here, plaintiff relies on the sparse facts she has pleaded and refers to a video of the arrest, which is cited in her amended complaint. The video does not support

7

plaintiff's claim of excessive force.[4] Moreover, plaintiff has
not come forward with any authority to establish that the
officers violated any clearly established right.

In this case, in addition to alleging excessive force,
plaintiff alleges claims for false arrest and imprisonment,
illegal search, and malicious prosecution. Plaintiff maintains
that she should not have been arrested for a Class C misdemeanor,
erroneously citing the dissenting opinion in <u>Atwater v. City of
Lago Vista</u>, 532 U.S. 318, 364 (2001)(O'Connor, J., dissenting)
without so noting. There, the majority held that an officer who
has probable cause to believe that an individual has committed
even a very minor criminal offense[5] in his presence may, without
violating the Fourth Amendment, arrest the offender. 532 U.S. at
354. Thus, plaintiff does not have a claim for false arrest and
imprisonment. And, the law is clear that a search of the arrestee
and the immediate area subject to her control is proper. <u>United
States v. Robinson</u>, 414 U.S. 218, 224 (1973). Thus, the illegal
search claim must also be dismissed. Lastly, plaintiff concedes
that she cannot pursue her malicious prosecution claim. The
disposition of these claims supports the court's determination

---

[4]The court is considering the video as it is referenced in, and is a central part of, plaintiff's
amended complaint. <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498-99 (5th Cir. 2000).

[5]In that case, as here, the offense was a misdemeanor under the Texas Transportation Code.
<u>Atwater v. City of Lago Vista</u>, 532 U.S. 318, 323 (2001).

that the excessive force claim does not overcome the officers'
entitlement to qualified immunity.

B.    The state law claims

      In addition to her alleged constitutional claims, plaintiff
has pleaded a number of state law claims against all defendants.
These are set forth at pages 17-19 of the amended complaint and
are said to be claims for false imprisonment and arrest, wrongful
detention, assault, battery, malicious prosecution, abuse of
process, liability arising out of governmental functions,
negligent use of tangible personal property, defamation,
intentional infliction of emotional distress, gross negligence,
and negligence.

      Texas law is clear that the City is entitled to sovereign
immunity unless there is a clear and unambiguous waiver of
immunity by the Legislature. Wichita Falls State Hosp. v. Taylor,
106 S.W.3d 692, 696 (Tex. 2003); Federal Sign v. Texas S. Univ.,
951 S.W.2d 401, 405 (Tex. 1997). Any claim in the nature of a
tort may only be brought pursuant to the Texas Tort Claims Act.
Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 659
(Tex. 2008). That is, the Tort Claims Act provides the only
waiver of sovereign immunity and all tort theories asserted
against a governmental unit are assumed to be under the Tort
Claims Act. Id. There is no waiver of immunity for claims arising

out of assault, battery, false imprisonment, or any other intentional tort. Tex. Civ. Prac. & Rem. Code § 101.057. Here, despite her attempts to plead around the facts alleged, plaintiff has asserted intentional torts for which there is no waiver of immunity. See Texas Dep't of Pub. Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001); Delaney v. Univ. of Houston, 835 S.W.2d 56, 60 (Tex. 1992). The City's merely engaging in governmental functions does not, as plaintiff argues, automatically waive sovereign immunity. Ethio Express Shuttle Serv., Inc. v. City of Houston, 164 S.W.3d 751, 756-57 (Tex. App.–Houston [14th Dist.] 2005, no pet.). Nor can plaintiff avoid dismissal by couching her claims as a request for declaratory judgment. City of Houston v. Williams, 216 S.W.3d 827, 828-29 (Tex. 2007).

By filing her state law tort claims against the City, plaintiff made an irrevocable election that immediately and forever bars her from any suit or recovery against an individual employee of the City regarding the same subject matter. Tex. Civ. Prac. & Rem. Code § 101.106(a). See Molina v. Alvarado, No. 14-0536, 2015 WL 2148055, *3 (Tex. May 8, 2015). Plaintiff's argument regarding the constitutionality of the election of remedies provision is not persuasive. See Thomas v. Oldham, 895 S.W.2d 352, 357 (Tex. 1995). See also Franka v. Velasquez, 332 S.W.3d 367, 385 (Tex. 2011). Plaintiff's amended complaint cannot

undo what has been done. But, plaintiff could not pursue these claims in any event. The individual defendants have the right to have their employer substituted in their place, but the claims pursued are intentional torts for which sovereign immunity has not been waived. Tex. Civ. Prac. & Rem. Code § 101.106(f); Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d at 657; Huff v. Refugio Cnty. Sheriff's Dept., No. 6:13-CV-032, 2013 WL 5574901, *3-4 (S.D. Tex. Oct. 9, 2013).

V.

Order

For the reasons discussed herein,

The court ORDERS that plaintiff's claims against defendants be, and are hereby, dismissed.

SIGNED June 30, 2015.

JOHN McBRYDE
United States District Judge

11